IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**G. RUSSELL WARNICK,**

        **Appellant,**

v.           Civil Action No. 3:16-cv-00876-JAG

**RICHARD ARROWSMITH,**
  **Liquidating Trustee of the**
  **HDL Liquidating Trust,**

        **Appellee.**

### LECLAIRRYAN'S UNCONTESTED MOTION FOR LEAVE TO INTERVENE IN WARNICK APPEAL

LeClairRyan, A Professional Corporation ("LeClairRyan"), by counsel, pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, hereby moves for leave to intervene as an appellee in this appeal from the *Order Approving Settlement Agreement and Release* (Bankr. D.E. 1530), entered October 14, 2016, by the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), in the case styled *In re: Health Diagnostic Laboratory, Inc., et al.*, Case No. 15-32919-KRH.[1]

This appeal concerns a settlement agreement and release dated August 30, 2016 (the "Settlement Agreement") between LeClairRyan and Richard

---

[1] Docket entries in the Bankruptcy Court are designated "Bankr. D.E." to distinguish them from materials docketed in this Court.

Arrowsmith, the court-appointed Liquidating Trustee of the HDL Liquidating Trust. The Settlement Agreement was achieved after extensive negotiations overseen by a skilled and experienced mediator, allowing both the Liquidating Trustee and the law firm and its professionals to resolve complex, highly-contested issues and to avoid costly, protracted litigation. Because the appeal seeks to overturn a Settlement Agreement that includes provisions offering ongoing protection to the law firm and its current and former professionals, LeClairRyan has an interest that meets the requirements for intervention.

Prior to filing this motion, counsel for the movant consulted with counsel for both the Liquidating Trustee and Appellant, G. Russell Warnick ("Appellant" or "Warnick"). Both parties consent to LeClairRyan's intervention in this appeal. A proposed consent order granting LeClairRyan's motion is attached as Exhibit A.

## **Procedural Background**

On June 7, 2015, Health Diagnostic Laboratory, Inc. and two affiliates (collectively, "HDL")[2] commenced the underlying bankruptcy cases by filing Chapter 11 petitions in the Bankruptcy Court. On May 12, 2016, the Bankruptcy Court entered an order confirming Debtors' Modified Second Amended Plan of Liquidation (the "Plan of Liquidation") (*see* Bankr. D.E. 1095). The Plan of Liquidation provided for the formation of the HDL Liquidating Trust and

---

[2] The two other debtors are Central Medical Laboratory, LLC and Integrated Health Leaders, LLC.

appointed Richard Arrowsmith as Liquidating Trustee. It invested him with the exclusive authority to pursue certain claims as specifically defined in the confirmation order.

LeClairRyan is a full service law firm based in Richmond, Virginia, with offices located throughout the country. LeClairRyan provided certain legal services to HDL prior to the filing of the bankruptcy petition. On September 1, 2016, Mr. Arrowsmith, in his capacity as Liquidating Trustee, moved the Bankruptcy Court to approve the Settlement Agreement. Among other things, the Settlement Agreement resolves and releases all claims against LeClairRyan held and capable of being asserted by the Liquidating Trustee on behalf of the HDL Liquidating Trust.

The Liquidating Trustee's motion seeking approval of the Settlement Agreement was contested by the Appellant and others. On September 22, 2016, the Bankruptcy Court conducted an evidentiary hearing on the motion. On October 14, 2016, the Bankruptcy Court entered an *Order Approving Settlement Agreement and Release* (Bankr. D.E. 1530) (the "Order"). On October 28, 2016, Mr. Warnick timely noticed his appeal from the Order.

## Argument

LeClairRyan's motion to intervene is governed by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8013(g), which requires that a motion

3

for leave to intervene in an appeal pending in the district court be filed within 30 days of the docketing of the appeal and "concisely" state: (i) the movant's interest; (ii) the grounds for intervention; (iii) whether intervention was sought in the bankruptcy court; (iv) why intervention is being sought at this stage of the proceeding; and (v) why participating as an *amicus curiae* would not be adequate. *See* Fed. R. Bankr. P. 8013(g).[3]

***Filing Within 30 Days.*** Mr. Warnick's appeal of the Order was docketed with this Court on October 31, 2016. (*See* D.E. 1.) LeClairRyan has filed this motion with the Court within thirty (30) days of the docketing of Mr. Warnick's appeal. This motion is timely under Bankruptcy Rule 8013(g).

***LeClairRyan's Interest.*** LeClairRyan's interest in this appeal is self-evident. Mr. Warnick's Statement of Issues to Be Presented (Bankr. D.E. 1586) claims that: (i) there was error in excluding certain evidence at the hearing on the

---

[3] Bankruptcy Rule 8013, in its present form, took effect December 1, 2014. No case appears to interpret the requirements for intervention under the new subsection (g). The language of subsection (g) is modeled after Rule 15(d) of the Federal Rules of Appellate Procedure. *See* Notes of Advisory Committee on 2014 Amendments to Bankruptcy Rule 8013. Like Bankruptcy Rule 8013, however, Appellate Rule 15(d) "does not provide standards for intervention, so appellate courts have turned to the rules governing intervention in the district courts under Fed. R. Civ. P. 24." *Sierra Club, Inc. v. EPA*, 358 F.3d 516, 517-518 (7th Cir. 2004) (citations omitted). To the extent this Court finds that any of the standards of Rule 24 govern, they are readily met, given LeClairRyan's unique position as the party benefitting from, and most interested in upholding, the releases and protections set forth in the Settlement Agreement. The grant of a Rule 24 motion to intervene is committed to the discretion of the court. *Gould v. Alleco, Inc.*, 883 F.2d 281, 284-285 (4th Cir. 1989).

motion to approve; (ii) the Bankruptcy Court erred by finding that the Settlement Agreement was of the type entitling the settling parties to the protections of Virginia Code § 8.01-35.1; (iii) the (unspecified) release violates applicable (unspecified) law; and (iv) the procedures for enforcement by the Bankruptcy Court of the Settlement Agreement provisions protecting LeClairRyan were approved in error. The Statement of Issues to Be Presented fails to specify the relief requested, but it is reasonable to infer that Mr. Warnick seeks reversal and vacation of the Order approving the Settlement Agreement. If successful, Mr. Warnick will unwind a Settlement Agreement to which LeClairRyan is a party, and which was "the hard-fought product of an intense, arms-length mediation process that lasted nearly nine months." (*See* Memorandum Opinion, entered 10/14/2016, Bankr. D.E. 1529 at 6.) LeClairRyan has a substantial and direct interest in seeing that the Order is affirmed and protracted litigation avoided.

***Grounds for Intervention.*** Although Mr. Warnick's Statement of Issues to Be Presented is opaque as to the release provision involved and the legal grounds for his appeal, he contends that "a release," presumably afforded to LeClairRyan, violates "applicable law." This vague challenge, standing alone, is a sufficient ground for granting this motion to intervene. All releases granted to LeClairRyan and associated persons were negotiated and crafted to align with the boundaries of the claims the Liquidating Trustee holds by virtue of the Bankruptcy Court's

controlling Plan of Liquidation.[4] To the extent this appeal seeks to overturn the releases or to re-characterize them as something less than what was carefully bargained for and agreed, LeClairRyan has a substantial interest in ensuring that those provisions are not diminished.

***Intervention in Bankruptcy Court.*** LeClairRyan filed no brief in connection with the motion for approval of the Settlement Agreement. LeClairRyan was present with its counsel at the hearing on September 22, 2016, and participated, through counsel, when Judge Huennekens invited brief comments at the close of the hearing. It was the Liquidating Trustee's role to move for and obtain approval of the Settlement Agreement at that stage, and his submission fully set forth the relevant grounds for approval. LeClairRyan's position as the counter-party to the Settlement Agreement was apparent to the Bankruptcy Court.

Intervention is proper on appeal because Appellant is now asserting errors allegedly committed by the Bankruptcy Court in the settlement approval process, errors that were not similarly framed and articulated at the time of the September 22, 2016, hearing. Although it shares a common interest with the Liquidating Trustee in affirming the Order, LeClairRyan has a distinct and compelling interest in avoiding any outcome that reverses the Order, modifies the Order, or confuses the record in a manner that becomes a springboard for the inaccurate

---

[4] As were the releases LeClairRyan gave to HDL and associated parties, including Mr. Warnick.

characterization of the Order or the Settlement Agreement in future litigation against LeClairRyan. It is not reasonable to conclude at this stage of the proceeding that the Liquidating Trustee, who speaks for a number of interests, can adequately represent LeClairRyan's unique interests in this appeal. Notably, the Liquidating Trustee consents to LeClairRyan's intervention, allowing the Court to draw the reasonable inference that he believes LeClairRyan's participation as a party to this appeal and through its own counsel is proper.

***Participation as Amicus Curiae is Inadequate.*** There are well-known differences between *amicus curiae* parties and intervenors. *Amici curiae* must obtain leave to file a brief and are not entitled to the same brief length as a party. *See* Fed. R. App. P. 29(a) and (d). *Amici curiae* must receive permission to participate in oral argument. *See* Fed. R. App. P. 29(g). As non-parties, *amici curiae* cannot appeal a district court's decision. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 257 (4th Cir. 2014) (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam)). These procedural limitations on the ability of an *amicus curiae* party to participate in an appeal render that status an inadequate vehicle to protect LeClairRyan's direct and substantial interests in this matter.

## Conclusion

LeClairRyan respectfully requests that its motion be granted, for the reasons stated above, as the requirements for intervention are plainly met.

Date: November 23, 2016. Respectfully submitted,

LeClairRyan, A Professional Corporation

By Counsel

  /s/ Craig T. Merritt
Craig T. Merritt (VSB No. 20281)
David B. Lacy (VSB No. 71177)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel.: (804) 697-4100
Fax: (804) 697-4112
cmerritt@cblaw.com
dlacy@cblaw.com

Peter D. Sullivan (*pro hac vice* pending)
HINSHAW & CULBERTSON LLP
222 N LaSalle Street, Suite 300
Chicago, IL 60601
Tel.: (312) 704-3102
Fax: (312) 704-3001
psullivan@hinshawlaw.com

*Counsel for LeClairRyan, A Professional Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of November, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

　/s/ Craig T. Merritt　　　　　　　
Craig T. Merritt (VSB No. 20281)
CHRISTIAN & BARTON, L.L.P.
909 East Main Street, Suite 1200
Richmond, Virginia 23219-3095
Tel.:  (804) 697-4100
Fax:  (804) 697-4112
cmerritt@cblaw.com

*Counsel for LeClairRyan,*
*A Professional Corporation*

#2054798