**Consolidated Appeals Nos. 3:16-cv-00876 (JAG); 3:16-cv-00877 (JAG)**

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

---

LaTonya S. Mallory,

*Appellant,*

v.

Richard Arrowsmith, as Liquidating Trustee of the HDL Liquidating Trust,

*Appellee,*

LeClairRyan, A Professional Corporation,

*Intervenor-Appellee.*

---

ON APPEAL FROM THE UNITED STATES BANRKUPTCY COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

---

## BRIEF OF APPELLANT
## LATONYA S. MALLORY

---

Robert T. Hall
HALL & SETHI, PLC
11260 Roger Bacon Drive, Suite 400
Reston, Virginia 20190
Telephone: (703) 925-9500
Facsimile: (703) 925-9166
E-mail: rthall@hallandsethi.com
*Counsel for Appellant LaTonya S. Mallory*

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . ii

INTRODUCTION . . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . 2

STANDARD OF REVIEW . . . . . . . 2

STATEMENT OF ISSUES . . . . . . . 3

STATEMENT OF THE CASE . . . . . . . 3

SUMMARY OF ARGUMENT . . . . . . . 6

ARGUMENT . . . . . . . . . 7

    I.    The Order is Inconsistent with the Memorandum Opinion and
          Oral Ruling . . . . . . . . 7

    II.   Virginia Code § 8.01-35.1 Cannot be Applied by the Bankruptcy
          Court or Parties to the Settlement Agreement . . . 8

    III.  The Order Improperly Impacts Mallory's Personal Claims . 14

CONCLUSION . . . . . . . . . 20

# TABLE OF AUTHORITIES

<u>CASES</u>

*Ades-Berg Investors v. Breeden (In re Bennett Funding Group, Inc.)*
    439 F.3d 155 (2d Cir. 2006) . . . . . 2

*Caplin v. Marine Midland Grace Trust Co.*
    406 U.S. 416 (1972) . . . . . . 14

*Colonial Auto Ctr. v. Tomlin (In re Tomlin)*
    105 F.3d 933 (4th Cir. 1997) . . . . . 3

*Copenhaver v. Rogers*
    384 S.E.2d 593 (Va. 1989) . . . . . 13

*DSQ Property Co. v. DeLorean*
    891 F.2d 128 (6th Cir. 1989) . . . . . 14

*Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP*
    357 F. Supp. 2d 951 (E.D. Va. 2005) . . . . 19

*Jackson v. Jackson*
    857 F.2d 951 (4th Cir. 1988) . . . . . 11

*Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*
    505 F.3d 109 (2d Cir. 2007) . . . . . 2-3

*Murdaugh Volkswagen, Inc. v. First Nat'l Bank*
    741 F.2d 41 (4th Cir. 1984) . . . . . 7-8

*Segars v. Atlantic C. L. R. Co.*
    286 F.2d 767 (4th Cir. 1961) . . . . . 8

*Smith v. McLaughlin*
    769 S.E.2d 7 (Va. 2015) . . . . . . 13

*Tazewell Oil Co. v. United Virginia Bank/Crestar Bank*
    413 S.E.2d 611 (Va. 1992) . . . . . 11

*Thorsen v. Richmond SPCA*
786 S.E.2d 453 (Va. 2016) .  .  .  .  .  19

*Torloni v. Commonwealth*
645 S.E.2d 487 (Va. 2007) .  .  .  .  .  11

*United States v. Lavabit, LLC (In re Under Seal)*
749 F.3d 276 (4th Cir. 2014) .  .  .  .  .  7

*William H. Gordon Assocs. v. Heritage Fellowship*
784 S.E.2d 265 (Va. 2016) .  .  .  .  .  11-12

## STATUTES

28 U.S.C. § 157 .  .  .  .  .  .  .  .  .  2

28 U.S.C. § 158 .  .  .  .  .  .  .  .  .  2

28 U.S.C. § 1334 .  .  .  .  .  .  .  .  2

Va. Code § 8.01-35.1 .  .  .  .  .  .  .  *passim*

## MISCELLANEOUS

Fed. R. Bankr. P. 9019 .  .  .  .  .  .  .  2-3

## INTRODUCTION

LaTonya S. Mallory ("Mallory" or "Appellant") does not challenge, in this appeal or in the court below, the amount of the settlement paid by LeClairRyan P.C. ("LeClairRyan") to the Liquidating Trustee of the HDL Liquidating Trust (the "Trustee") for LeClairRyan's alleged malpractice in advising Health Diagnostic Laboratory, Inc. ("HDL" or the "Company") on various matters.  Rather, Mallory objects to the language of the proposed order approving the settlement that was submitted by the Trustee in connection with the settlement, which purported to provide statutory protections to LeClairRyan contrary to Virginia law and potentially release Mallory's individual claims against LeClairRyan.

At the hearing on Mallory's objection, the Trustee and Bankruptcy Court agreed with Mallory's arguments that her claims against LeClairRyan could not be released by the Trustee's settlement with LeClairRyan, and that the Bankruptcy Court could not provide LeClairRyan with the protections under Virginia Code § 8.01-35.1.  Indeed, the Bankruptcy Court made such positions clear in both its oral ruling and written Memorandum Decision accompanying its order approving the settlement.  The Bankruptcy Court, however, erred when it nevertheless entered the proposed order submitted by the Trustee, presumably believing that such order was modified by its oral ruling and/or Memorandum Decision.  The law in this jurisdiction, however, is that unless the written order is ambiguous, a court speaks

1

through its order and not any oral statement or memorandum opinion.  As such, because the order approving the settlement is not reflective of the Court's actual ruling, and, as written, is inconsistent with Virginia law, Mallory requests that this Court vacate the order and direct the Bankruptcy Court to enter an order consistent with its Memorandum Decision, oral ruling and Virginia law.

## STATEMENT OF JURISDICTION

Mallory appeals from a final order of the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") approving a settlement agreement between LeClairRyan and the Trustee (the "Order").  A. 349-367.  The Bankruptcy Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 158(a)(1) and 157(b)(1).  A bankruptcy court's order approving a compromise under Bankruptcy Rule of Procedure 9019 is a final order within the meaning of 28 U.S.C. § 158(a)(1).  See *Ades-Berg Investors v. Breeden (In re Bennett Funding Group, Inc.)*, 439 F.3d 155, 160 (2d Cir. 2006).  On October 14, 2016, the Bankruptcy Court entered a Memorandum Opinion and the Order.  A. 336-367.  On October 28, 2016, Mallory filed a Notice of Appeal.  A. 368-374.

## STANDARD OF REVIEW

When reviewing a bankruptcy court's approval of a settlement on appeal, the district court reviews "the legal standards applicable to the evaluation of a

2

settlement under Bankruptcy Rule 9019 *de novo*" and the bankruptcy court's application of those principles for "abuse of discretion." *Krys v. Official Comm. of Unsecured Creditors (In re Refco Inc.)*, 505 F.3d 109, 116 (2d Cir. 2007). A review of a court order for ambiguity is a legal question, which is reviewed *de novo*. <u>See</u> *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 936 (4th Cir. 1997).

## STATEMENT OF ISSUES

Whether the Bankruptcy Court erred in entering the Order approving the settlement between the Trustee and LeClairRyan where the terms of the Order and underlying Settlement Agreement are inconsistent with the Bankruptcy Court's oral ruling, Memorandum Opinion and applicable law with respect to the scope of released claims and application of Virginia Code § 8.01-35.1.

## STATEMENT OF THE CASE

LeClairRyan had long represented Mallory in business and personal legal matters spanning from well-prior to the formation of HDL up to 2015. When Mallory became the Chief Executive Officer of HDL upon its formation in 2008, she recommended LeClairRyan to be counsel to the Company. LeClairRyan was selected to represent the Company and also continued to represent Mallory personally in various business, litigation and estate planning matters.

3

Various claims and disputes concerning HDL arose as a consequence of the Company's operations, including an investigation by the United States Department of Justice (the "DOJ").  The DOJ and certain private payors alleged that the Company failed to comply with various federal or state regulations governing the delivery of and billing for health care services.  The claims against HDL, including an April 2015 settlement with the DOJ, were the precipitating causes of the Chapter 11 bankruptcy filing by HDL.  A. 3.

Because of its advice to HDL, the Trustee demanded that LeClairRyan pay the Trust for harm caused by LeClairRyan to HDL.  Following a mediation, the Trustee and LeClairRyan executed a settlement agreement, pursuant to which the Trustee and LeClairRyan attempted to fully and finally resolve all disputes among them, and to release all claims that had been asserted or were capable of being asserted against LeClairRyan and its attorneys or other personnel by the Trustee. A. 3-4.

On September 1, 2016, the Trustee moved the Bankruptcy Court for an order approving a settlement agreement he had reached with LeClairRyan.  The Trustee filed the motion and Settlement Agreement, along with a proposed Order approving the Settlement Agreement, the form of which was also the subject of negotiations between LeClairRyan, its insurer and the Trustee.  A. 1-59.

4

Mallory (and others) objected to the motion approving the Settlement Agreement because the terms of the proposed Order and Settlement Agreement impacted Mallory's rights—a non-party to the agreement.  First, Mallory argued that the language in the Settlement Agreement was drafted such that the release could be interpreted to release claims that Mallory, individually, has against LeClairRyan and its attorneys.  Second, the proposed Order contained a ruling that LeClairRyan is entitled to the full protections of Virginia Code § 8.01-35.1, which is contrary to Virginia law.  Third, the proposed Order sought to retain jurisdiction over the application of Virginia Code § 8.01-35.1, which was also improper under Virginia law.  In essence, the parties to the Settlement Agreement attempted to overreach in the hope that the Bankruptcy Court would approve the settlement and enter the proposed Order.  A. 60-78.

To resolve the objections, Mallory provided a counter proposed Order, which clarified that the "Order shall not operate to bar any claims that any former officer or director of HDL may have against LeClairRyan or its attorneys arising out of any attorney-client relationship between such officer or director and LeClairRyan or as a non-client beneficiary of  LeClairRyan's  advice," and that "any  determination  of  the  applicability of Virginia Code § 8.01-35.1 to the settlement and  LeClairRyan is deferred  for consideration and  determination by

5

the court(s) adjudicating the claims between any non-settling parties and the Liquidating Trustee, or between a non-settling party and LeClairRyan." A. 72.

On September 22, 2016, the Bankruptcy Court held a hearing on the Trustee's motion for approval of the Settlement Agreement and indicated orally that the settlement could not impact or release the claims of Mallory, and that despite the terms of the proposed Order, the Bankruptcy Court was not applying the protections of Virginia Code § 8.01-35.1. A. 292-294. The Bankruptcy Court noted, however, that the Trustee suggested that the settlement would not be funded unless the proposed Order was entered. A. 285. On October 14, 2016, the Bankruptcy Court entered the proposed Order, and also issued a Memorandum Opinion explaining its ruling. A. 336-367. Mallory filed her Notice of Appeal on October 28, 2016. A. 368-374.

## SUMMARY OF ARGUMENT

Mallory requests that the Order that was entered approving the Settlement Agreement—which was written by the settling parties and 'required' to consummate the settlement—be vacated because the Order is inconsistent with the oral ruling and Memorandum Opinion of the Bankruptcy Court, as well as Virginia law. The Order expressly provides LeClairRyan the protection of Virginia Code § 8.01-35.1 even though the Court acknowledged that any application of the statute under Virginia law was to be performed at a later time. The Order also contains

6

language that may be interpreted as releasing Mallory's individual claims against LeClairRyan, even though the Trustee and Bankruptcy Court acknowledged that the Trustee could not release such claims.

As a result, the Order entered by the Bankruptcy Court contains provisions that are wholly inconsistent with the Bankruptcy Court's actual ruling, and that are also in violation of Virginia law.

## ARGUMENT

### I.   The Order is Inconsistent with the Memorandum Opinion and Oral Ruling.

In an effort to approve the settlement, the Bankruptcy Court apparently found credible the Trustee's statement that the insurer would not fund the settlement amount without the exact proposed Order drafted by the parties being entered.  A. 285.  As such, the Bankruptcy Court entered the Memorandum Opinion consistent with its oral ruling explaining that Mallory's claims are not released and the Virginia statute at issue was not being applied in connection with the approval of the Settlement Agreement.  A. 345-348.  Although this clarification was welcome, Mallory requested that the Order itself be modified because it is the terms of the Order, rather than the Memorandum Opinion or oral ruling, that control.  "When the terms of a judgment conflict with either a written or oral opinion or observation, the judgment must govern."  *United States v. Lavabit, LLC (In re Under Seal)*, 749 F.3d 276, 289 (4th Cir. 2014) (quoting *Murdaugh*

*Volkswagen, Inc. v. First Nat'l Bank*, 741 F.2d 41, 44 (4th Cir. 1984)). "Courts must speak by orders and judgments, not by opinions, whether written or oral, or by chance observations or expressed intentions made by courts during, before or after trial, or during argument." *Murdaugh*, 741 F.2d at 44.

The Fourth Circuit in *Murdaugh* stated that "[b]asic to the operation of the judicial system is the principle that a court speaks through its judgments and orders." *Id*. There, a litigant argued that the transcript of a hearing and later written opinion of the district court showed that the court intended to dismiss a claim. *Id*. The Fourth Circuit noted that because the judgment was clear on its face, the transcript and written opinion are disregarded. *Id*.; <u>see also</u> *Segars v. Atlantic C. L. R. Co.*, 286 F.2d 767, 770 (4th Cir. 1961) (holding the order was operative where it conflicted with observations made by the court during oral argument).

As such, because the intention of the Bankruptcy Court was clearly stated in the oral ruling and Memorandum Opinion, the Order should be vacated with instructions to the Bankruptcy Court to enter an order consistent with the Bankruptcy Court's findings and Virginia authority.

## II.   Virginia Code § 8.01-35.1 Cannot be Applied by the Bankruptcy Court or Parties to the Settlement Agreement.

The Bankruptcy Court in its Memorandum Opinion states: "The Court is confirming merely that the Settlement Agreement qualifies as a covenant not to sue

8

or release.  The appropriate time to make a determination about the application of

Va. Code Ann. § 8.01-35.1 is in the future, when claims or defenses asserted by or

against the Objectors are considered."  A. 347 (internal citation and footnote

omitted).  The Bankruptcy Court's oral ruling was "[a]s far as the actual

application of Section 8.01-35.1, that will come at a later time, maybe with other

courts or whatever, but that is for further argument, and as far as how it is to the

extent it is applicable, that's all that the settlement says."  A. 293.  Yet, the Order

approving the Settlement Agreement specifically provides that "as provided in

section 10 of the Agreement and by the governing statutes of the Commonwealth

of Virginia, LeClairRyan is entitled to, and is hereby afforded, the full protection

of Virginia Code § 8.01-35.1."  A. 350.  More specifically, the Settlement

Agreement, which is approved by the Order, provides as follows:

> The parties to this Agreement acknowledge that the provisions of
> Sections 8 and 9 of this Agreement constitute a 'release or a covenant
> not to sue' within the meaning of Code of Virginia § 8.01-35.1, and
> are governed by that statute.  Pursuant to Code of Virginia § 8.01-
> 35.1.A.2, the releases granted in Section 8 of this Agreement *operate
> to discharge LeClairRyan from all liability* for contribution to any
> other person alleged or found to be liable as a joint tortfeasor for any
> and all claims released by those paragraphs.  LeClairRyan *shall have
> and be entitled to the benefits and protections available to released
> parties under Code of Virginia § 8.01-35.1*, and the Bankruptcy Court
> shall retain jurisdiction over all proceedings in which a person or
> entity *seeks to deprive LeClairRyan of such benefits and protections*.

A. 362-363 (emphasis added).  Thus, there is a clear disconnect between the

language of the Bankruptcy Court's Order, and its oral ruling and Memorandum

9

Opinion.  Aside from this disconnect, and assuming the Order language prevails, the Order also improperly applies the statute.

Virginia Code § 8.01-35.1 was first enacted in 1979 and amended in 1980 to overcome the common law rule that the release of one tortfeasor released all tortfeasors as to the same claim.  By its terms, one of two or more contributors to the same harm could buy peace in litigation by reaching a settlement with a claimant.  When he did so, his liability was capped at the sum paid as consideration for the release. Once the settlement was consummated, no others could seek contribution or indemnification from the settling party.  While LeClairRyan may subsequently assert that Virginia Code § 8.01-35.1 applies to the Settlement Agreement it reached with the Trustee, any application of the statute by the Bankruptcy Court before there is a determination that another party is responsible for the same injury caused by LeClairRyan is inconsistent with Virginia law.

There are several problems with the language of the Order which led the Bankruptcy Court to clarify that it was not applying the statute, even though the Order provides for such application.  First, the Order language purports to make an advance determination of the application of the statute to a future set of facts not yet alleged.  Second, the Order declares that the forum for determining this uniquely state law issue, if it arises, will be the Bankruptcy Court, even if the future claim is brought in another forum.  Third, and similarly, the Order retains

10

jurisdiction with the Bankruptcy Court, even if the matter to be resolved is not one involving the Trustee or HDL estate.  Fourth, the Order provides that the statute affords "full protection" to LeClairRyan.  A. 349-351.

The request for an advisory opinion is improper.  See *Jackson v. Jackson*, 857 F.2d 951, 955 n.1 (4th Cir. 1988) (federal courts are "prevented from issuing opinions on abstract or hypothetical questions or from giving advisory opinions."). The ruling requested by the Trustee and LeClairRyan is advisory in nature because Virginia courts have explained that determination of various parties' rights under Virginia Code § 8.01-35.1 is to be made when the non-settling party's liability is established and a determination can be made with respect to "the same injury to a person or property, or the same wrongful death."  In other words, a decision on the applicability of 8.01-35.1 is not ripe in that the inquiry into "the same injury to a person or property, or the same wrongful death" is not determined until there is a finding in the second action.  See *Tazewell Oil Co. v. United Virginia Bank/Crestar Bank*, 413 S.E.2d 611, 622-623 (Va. 1992); *Torloni v. Commonwealth*, 645 S.E.2d 487, 490-492 (Va. 2007); *William H. Gordon Assocs. v. Heritage Fellowship*, 784 S.E.2d 265, 276-278 (Va. 2016) (explaining that following a motion by a defendant to obtain a credit for a plaintiff's prior receipt of payment for the same injury from another co-defendant, the court "must make its determination after any jury verdict.").

11

Recently, the Virginia Supreme Court in *William H. Gordon Assocs*. rejected an attempt by settling parties to resolve the impact of Virginia Code § 8.01-35.1 in a settlement agreement prior to the resolution of the claims against non-settling parties.  There, a plaintiff and defendant reached a settlement, and pursuant to the terms of the agreement, agreed to apportion the settlement payment to certain damages while at the same time released the settling defendant from broader claims.  *William H. Gordon Assocs., * 784 S.E.2d at 277.  The Court held that when the non-settling defendant requested an offset, the court in that action "was required to ascertain and allocate the appropriate amount of compensation paid for each injury released pursuant to the terms of the settlement, rather than assume that the recital of the parties to the [settlement] agreement concerning the amount of consideration actually attributable to particular categories of exposure was accurate."  *Id*. at 278.

Here, the matter is even more complicated because no complaint was filed by the Trustee against LeClairRyan.  As a result, the conduct of LeClairRyan and specific injury to HDL being settled under the Settlement Agreement is unknown.  Further, while the Trustee's Motion defines the claims being settled as "LeClairRyan Claims" and refers to an October 26, 2015 demand letter from the Trustee to LeClairRyan, A. 3, the letter was never admitted or made public.

12

Quite simply, one cannot apply Virginia Code § 8.01-35.1 without an identification of the injury to person or property being settled, and there is no ability here to make such an assessment from the information available. As importantly, one cannot apply Virginia Code § 8.01-35.1 without a second, specifically-identified injury in nature and amount against which the set-off may apply, which will not occur, if ever, until a verdict or evidentiary hearing in the case against the directors and officers by a court with jurisdiction over such claims (which may not be the Bankruptcy Court).

Because the Bankruptcy Court is not the judicial body under Virginia law charged with making factual determinations under Virginia Code § 8.01-35.1, and, further, because it is impossible to apply the statute in the absence of an identified injury being settled with LeClairRyan and any injury to HDL by the non-settling parties, any ruling by the Bankruptcy Court as to the application of Virginia Code § 8.01-35.1 would be contrary to Virginia law and merely advisory in nature without foundation.[1]  Thus, the Order should be vacated with direction to the

---

[1] Even if any ruling on the applicability of Virginia Code § 8.01-35.1 was not premature, Virginia Code § 8.01-35.1 is not applicable to economic damages, like those settled between LeClairRyan and the Trustee. The statute, by its express terms, does not apply to economic damages—only injury to person or property. Here, the loss associated with the alleged malpractice by LeClairRyan is economic in nature. See *Smith v. McLaughlin*, 769 S.E.2d 7, 19-20 (Va. 2015) (legal malpractice claims are limited to pecuniary, or economic, damages); *Copenhaver v. Rogers*, 384 S.E.2d 593, 594-595 (Va. 1989) (claim of legal malpractice "is solely for economic loss and not for personal injury or property damage.").

13

Bankruptcy Court to enter an Order consistent with this law and with the Bankruptcy Court's Memorandum Opinion and oral ruling.

## III.    The Order Improperly Impacts Mallory's Personal Claims.

The personal claims of Mallory are not property of HDL's estate, and therefore the Trustee may not release them.  See, e.g., *DSQ Property Co. v. DeLorean*, 891 F.2d 128, 131 (6th Cir. 1989) (relying on *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416 (1972) and stating: "a trustee, who lacks standing to assert the claims of creditors, equally lacks standing to settle them.").

"HDL" is defined in the Settlement Agreement to not only include the HDL corporate entities, but also the "former directors, officers, employees and agents of HDL to the extent they acted on behalf of or as representatives of HDL."  A. 355. Without an express carve-out in the order approving the settlement of claims that are individual and personal to those former directors, officers, employees and agents of HDL, the release language can be interpreted to release claims held individually by Mallory, in addition to the claims of the Debtor.  The clause in the HDL definition, "to the extent they acted on behalf of or as representatives of HDL," is insufficient to make clear that only HDL's claims that became property of the Trust are impacted by the release.  *Id.*

Mallory was an officer and director of HDL from HDL's formation until her departure in 2015, and therefore a representative of HDL during that time.  Mallory

has her own individual claims against LeClairRyan that preceded and arose during the time when she was a representative of HDL from an individual attorney-client relationship and as a non-client beneficiary under Virginia law.  These claims are subject to a tolling agreement entered into with LeClairRyan and relate to advice provided to Mallory regarding the duties she owed to HDL as a fiduciary, the exercise of her individual business judgment as a Board member and officer, advice regarding the formation of HDL and its business structure, operational decision making issues in the healthcare industry, estate planning matters relevant to HDL's distribution, her investment in another business and considerations with respect to HDL, representation in several litigation matters brought by a third party against both her and HDL, and other legal matters.  In other words, LeClairRyan provided advice to Mallory in her individual capacity while she held her position as a representative of HDL.  As a result, the defined term in the Settlement Agreement for HDL can improperly be used to release her individual claims against LeClairRyan.

The release language is especially susceptible to this broad interpretation in light of the express "Purpose" of the Settlement Agreement as conveyed by LeClairRyan and the Trustee therein.  In Paragraph 2 of the Settlement Agreement, which describes the "Purpose of this Agreement," the Trustee and LeClairRyan

15

indicate the intent to resolve not only those claims that are in the possession or

under the control of the Trustee, but also claims

> otherwise within the jurisdiction of the Bankruptcy Court and capable
> of resolution through further action of the Bankruptcy Court,
> including the entry of orders, injunctions or other relief effective to
> bind persons or entities *that are not parties to this Agreement* and *to*
> *restrain them from taking actions inconsistent with the complete*
> *resolution of claims against LeClairRyan as contemplated by this*
> *Agreement.*

A. 356-357 (emphasis added).

This purpose and language is wholly inconsistent with both the Trustee's

recognition at the hearing that it was not attempting to release claims of

individuals, A. 292, and the Bankruptcy Court's statements that the release did not

extend to Mallory's personal claims.[2]  Specifically, prior to and during the hearing

---

[2] During the oral hearing, the Bankruptcy Court stated:

> [W]hat we're resolving are the claims that the bankruptcy estate had
> and that the trustee fell heir to and that the claims that were assigned
> to the trustee in accordance with the plan, and that's what the trustee
> owns, and that's what the trustee can settle. The trustee cannot settle
> third-party claims as a part of this type of settlement, and the Court is
> not approving that in any way, shape, or form.

A. 292.  And in its Memorandum Opinion, it stated:

> Another Objector, LaTonya S. Mallory ("Mallory"), raised concerns
> along with Warnick over whether the Settlement Agreement will
> release claims that they purport to hold individually against
> LeClairRyan.  The Liquidating Trustee can only release claims
> constituting estate property.  The Liquidating Trustee confirmed at the
> Hearing that the Settlement Agreement has no effect on particularized

16

on the approval of the settlement, the Trustee's counsel made statements which

sought to reassure Mallory and the Bankruptcy Court that nothing in the Settlement

Agreement was intended to interfere with the personal or individual rights of

Mallory or other objectors.  On September 15, 2016, in an email from counsel for

the Trustee to Mallory's counsel, the Trustee's counsel, Richard Kanowitz, stated:

> Our motion makes clear that particularized injuries to individuals are not released. See our motion where we specifically state that.  Mallory's individual claims, if any, are not released.
>
> We are only seeking to bind D&Os as agents/representative capacity of HDL not in their individual capacity.  We went to great lengths to make this clear in the release to LR and from LR.

A. 334.

On September 16, 2016, Mr. Kanowitz, in an email declining to adopt

changes proposed by counsel for Mallory, said further:

> Addressing some of your points, I am going to state on the record that the releases granted do not release or impact particularized injuries to individuals which is the  nomenclature used in the cases that differentiate between property of the estate which is what we are releasing, (along with assigned claims to the trust) and an individual's direct claims which we can't release and do not try to release.  This isn't a plan seeking third party releases.  We make this crystal clear.

---

[2 cont.]   injuries to other persons. While the definition of HDL in the Settlement Agreement includes 'former directors, officers, employees and agents of HDL,' it does so only 'to the extent they acted on behalf of or as a representative of HDL.' The LeClairRyan release included in the Settlement Agreement only affects former officers and directors of HDL in their derivative, not individual capacities.

A. 345-346 (internal citation and footnote omitted).

> As for the Va Code, that language is also material to the
> settlement.  Again I will state on the record that we are not seeking
> application of that statute. It is premature. However, the settlement
> agreement is a covenant not to sue that was entered in good faith.  LR
> gets the benefit of that ruling.  That is what our order says.

A. 335.

At the hearing before the Bankruptcy Court on September 22, 2016, Mr.

Kanowitz addressed the objections and represented to the court as follows:

> Q. [Court] Are the objectors correct in their assertions that individual
> claims are being released under the settlement?

> A. [Kanowitz] No.  We went to great lengths with the language
> utilized in both the release from LeClairRyan as well as the release to
> LeClairRyan, to make sure that the Ds and Os aren't getting released
> in their individual capacity and aren't giving releases in their
> individual capacity.

A. 162.

At the close of the September 22 hearing, Mr. Kanowitz further

acknowledged that "[i]f [the Directors and Officers] have their own individualized

particularized injury, which is what the case law talks about, they will be able to

bring it."  A. 240.

> Likewise, the Court ruled:

> The Court states on the record, and everybody can take this to whatever
> court is going to interpret this at whatever point in time that what we're
> resolving are the claims that the bankruptcy estate had and that the trustee
> fell heir to and that the claims that were assigned to the trustee in accordance
> with the plan, and that's what the trustee owns, and that's what the trustee
> can settle.  The trustee cannot settle third-party claims as a part of this type
> of settlement, and the Court is not approving that in any way, shape, or form.

18

A. 292.  Despite this, the Court declined to change the Order to clarify its ruling.

As such, the Order approving the settlement should make clear that the Settlement Agreement and Order shall not operate to bar any claims that Mallory (or any other former officer or director of HDL) may have against LeClairRyan or its attorneys arising out of any attorney-client relationship between such officer or director and LeClairRyan, or as a non-client beneficiary.  See, e.g., *Thorsen v. Richmond SPCA*, 786 S.E.2d 453, 472 (Va. 2016) (McClanahan, E., dissenting) (dissent recognizing that the majority's opinion held that "the common law requirement of privity in legal malpractice actions is now abolished in Virginia. From this date forward, attorneys will owe a legal duty to nonclients by virtue of legal services agreements with their clients whenever a 'lawyer knows that a client intends as one of the primary objectives of the representation that the lawyer's services benefit the nonclient.'"); *Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP,* 357 F. Supp. 2d 951, 958 (E.D. Va. 2005) (permitting recovery by non-client beneficiaries of legal services for malpractice).  If the intention of the Trustee is taken as true, and LeClairRyan does not intend on arguing that Mallory's personal claims are, in fact, released, then modifying the Order to be consistent with the oral ruling and Memorandum Opinion should not be problematic.

## CONCLUSION

Every request Mallory made to the Trustee that the Settlement Agreement and Order be amended to make their conceded position on her individual rights to assert her claim against LeClairRyan clear and unequivocal was refused, and the Bankruptcy Court, over the objections of Mallory and others, approved the Settlement Agreement as presented and entered the Order as presented, from which Mallory now appeals.  In light of the apparent agreement that Mallory's individual rights are not released, and Virginia Code § 8.01-35.1 is not currently being applied to protect LeClairRyan, the Order should be vacated and entered to conform with these positions, as they are consistent with law.  Allowing the Order to stand vitiates the oral ruling and Memorandum Opinion, and provides relief that is unwarranted under the law.

The Appellant, LaTonya S. Mallory, moves this Honorable Court to vacate the Order and remand this case to the Bankruptcy Court with directions to modify the Order to be consistent with the oral ruling, Memorandum Opinion and Virginia law with regard to the preservation of Mallory's individual rights against LeClairRyan, and the deferral of any application of Virginia Code § 8.01-35.1.

Respectfully Submitted,

_____/s/_____
Robert T. Hall
HALL & SETHI, PLC
11260 Roger Bacon Drive, Suite 400
Reston, Virginia 20190
Telephone: (703) 925-9500
Facsimile: (703) 925-9166
E-mail: rthall@hallandsethi.com
*Counsel for Appellant LaTonya S.*
*Mallory*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of January, 2017, I will electronically

file the foregoing with the Clerk of Court using the CM/ECF system, which will

then send a notification of such filing (NEF) to all counsel of record who are

registered CM/ECF users.

/s/
_____

Robert T. Hall
HALL & SETHI, PLC
11260 Roger Bacon Drive, Suite 400
Reston, Virginia 20190
Telephone: (703) 925-9500
Facsimile: (703) 925-9166
E-mail: rthall@hallandsethi.com
*Counsel for Appellant LaTonya S.*
*Mallory*